## (May 11, 1964)

■ ANDREW J. DI PAOLA et al., Respondents, v. CITY OF GLEN COVE et al., Appellants.— In an action pursuant to statute (General Municipal Law, § 51), in which plaintiffs seek: (1) to enjoin defendants from violating section 165.00 of the Local Finance Law, and (2) to declare void the 1964 budget of the City of Glen Cove because it had been improperly adopted by the defendants, the defendants appeal from an order of the Supreme Court, County of Nassau, dated November 6, 1963, which denied their motion to dismiss the complaint and for summary judgment pursuant to the Civil Practice Law and Rules (3211, subd. [a], par. 7; 3212). Order modified as follows: (1) by striking out the provision denying the motion in its entirety; and (2) by substituting therefor a provision denying the motion as to the first cause of action and granting the motion as to the second cause of action, with leave to serve an amended complaint. Such amended complaint may be served, if plaintiffs be so advised, within 30 days after entry of the order hereon. As so modified, order affirmed, without costs. By their first cause of action, plaintiffs, pursuant to section 51 of the General Municipal Law, seek to enjoin defendants, comprising the Common Council of the City of Glen Cove, from using surplus proceeds of capital obligations for any purpose other than that for which the obligations were issued (Local Finance Law, § 165.00). Though this cause of action does not expressly allege waste or other public injury, we conclude that it is legally sufficient. From its allegations the inference may fairly be drawn that the marketability of the city's capital obligations will be diminished by illegality which decreases funds from which the Legislature has assured payment (cf. *Altschul* v. *Ludwig,* 216 N. Y. 459, 466–467). However, in our opinion, the second cause of action, which is also based on section 51 of the General Municipal Law, is insufficient. In that cause of action the plaintiffs allege only that, in violation of the city's charter, the city's 1964 budget was not adopted by defendants at a public meeting of which the public had been given notice and, hence, the budget is invalid. Based upon such allegation and upon such asserted invalidity, the plaintiffs seek a judicial declaration that the budget is void. An action for a declaratory judgment may not be maintained under the statute (General Municipal Law, § 51). That statute does not authorize such an action solely to adjudicate the validity of official

acts and to declare void the results of such acts (cf. *Gaynor* v. *Rockefeller*, 21 A D 2d 92). Even if such second cause of action be construed to allege an additional cause of action for an injunction, it is still insufficient; it fails to allege the requisite facts in order to bring it within the purview of the statute (General Municipal Law, § 51). And, in contrast to the first cause of action, no inference as to such facts may fairly be drawn. Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.